1  Edgar Perry
   2540 Market Avenue
2  San Pablo, CA 94806-4542
3  (510) 234-1392

   Plaintiff
4
                    UNITED STATES DISTRICT COURT
5
                    NORTHERN   DISTRICT OF CALIFORNIA
6
                         OAKLAND DIVISION
7
                                        C08-00787
8  EDGAR PERRY,
9                        Plaintiff,    Case No._____
10 vs.                                 COMPLAINT
11 STEPHANIE WALKER
12 AND DOES 1 THROU 100,
13                     Defendants.
14 ───────────────────────────────

15      Primo-JURISDICTION: This court is empowered to hear this
16 case by the following law's points- Property rights §§ 280/81, Pro-
17 perty damage (adjoining landowners) Ambass §§ 23/8
18                              - Repairable injury to property-
19 -costs of repairs. Am. Jur. pleading and practice forms.
20                              - Damages § 92 and §95
21                              - Measure of damages for injuries
22 to real property-original condition restorable. Am. Jur. pleadings
23 and practice forms., damages § 341,§ 342.
24                              - Temporary or repairable injury
25 to property. Damages for injury to real peoperty,§42 Am. Jur. proof
26 of facts 2D 247 § 4.
27      Secundo-VENUE: This court is appropriate as willful floo-
28 ding by defendant occured in this district   (Contra Costa County)

                              -1-

1       Plaintiff prays the court to submit the following ques-
2  tions: Constitutionality of plaintiff to own property by right;
3  rights of family members to see, for pursue of happiness, each o-
4  ther; plaintiff and family rights to not fear for their lives;
5  right of plaintiff to come to court? (Intimidation of plaintiffs.)

6       Does rain water run backwards?

7       Defendant's property located at 5151 Hilltop Drive,
8  El Sobrante, CA. 94803, an unimcorporated town in the San Francis-
9  co East Bay, is above plaintiff's property(which his children and
10 later his grandchild chose to live at   after being married) at
11 5153 Hilltop Drive, El Sobrante, CA. 94803.

12       Reference to 5151 and 5153 is hereby acknowleged   for
13 said addresses.

14       Does defendant has the right to willfully flood plain-
15 tiff's property for 18(eighteen) years?(water flooding front por-
16 ch lead to extensive considerable expenses for previous and futu-
17 re replacement and repairs and plaintiff had to disburse for re-
18 verse mortgage payoff amount, as well as several more items dama-
19 ged in the property in the account of the flooding; to wit: that
20 previous ninety years old lady not being able to get off her property,
21 which was flooded all around and underneath and to insist to yell
22 at this plaintiff "you have to let the water go!", that we "have
23 to share the water(as defendant and plaintiff were to take water
24 in equal amounts from a river), because the defendant abhorred
25 the rain water in  her house (vide exhibit photos numbers 6, 6A,
26 7,8): showing two black hoses leading rain water from her roof
27 first to the upper portion of the fence(which now so called do-
28 mestic partner, as previously called husband, in contrast to what

-2-

1 the Recorder of the Contra Costa County calls her(defendant) an "
2 unmarried woman" "sole owner of the 5151 property", A. K. Norris),
3 blew holes by circular pressure tool to the said fence in such an
4 exceptional loud and dementing noise to plaintiff's granddaughter
5 asleep; then, once plaintiff blocked such flooding with an about
6 ten    feet long hey bale, two silver hoses showed up by mid sec-
7 tion of the fence(after plaintiff used five sand bags, an iron
8 wood board and two wheels of a 1982 Pontiac T1000 on the top to
9 stop the flooding in first place, above said fence's position in
10 the lot)plaintiff understood that defendent(domestic partner only
11 would follow her orders, suffice to say that when said defendant
12 would call upon partner:  "Edgar is here, go talk to him," which
13 her partner would reply "I already talked to him" and once all
14 three being together in the common driveway she told him such and
15 he signaled to plaintiff by fingers gesture that she talked too
16 much),plaintiff had no more doubts, would call upon any partner
17 (such as A. K. Norris'sons, Michael Williams, et al, to do her
18 unlawful wishes)would not stop her intent to willfully flood plain
19 tiff property; short of plaintiff to post a wall retainer higher
20 than her house(if safe a structure and the County would allow;
21 which is more to say than what the defendant did to request the
22 County for construction of a slanted driveway _as the partner told
23 plaintiff: "Do you know how much I spent to make my property free
24 of flooding?"(Michael Williams handyman to work), because accor-
25 ding to one of the top supervisors of the County's Public Works,
26 255 Glacier Drive, Phone (925) 313-2000, Martinez, Ca. 94553,"she
27 did not requeste. any permit or paid any fees ever, for the last
      years
28 eighteen she owns the property").Vide exhibits numbers 11 and 12.

-3-

1    On December 20th. 2007, at 6:53 A. M., defendant's so ca-
2    lled domestie partner, Anthony K. Norris, just prior to move 5151
3    trash and reeycle bins from inside the property to the sidewalk,
4    trespassed **into plaintiff's vehiole** with left side wheels on the
5    top of an iron wood board, on the top of five sand bags, and with
6    a metal bar broke the left side rear window of said vehiele; then
7    he took his piek up out of the bouses garage, waited a minute with
8    the engine running in the driveway and took off. Latter the iron
9    wood board was found dropped several feet inside plaintiff's pro-
10   perty, for whieh anyone had to trespasse several feet inside said
11   property to drop said board, and the wet sand bags spread all o-
12   ver ear's inside(loose sand ruining interior of the ear).Ineident
13   happened so fast plaintiff did not have time to report it to the
14   Sheriff's Departmnent, but plaintiff's daughter(who stayed that
15   night at plaintiff's home with her daughter sinee she was very
16   seared said individual would onee more molest her and, especially,
17   her infant daughter) did the report to the Sheriff's Department.

18   Thus, plaintiff prays the eourt to give legal notiee
19   to said individual and sons(names unknown, but believed to live
20   in the town of El Sobrante, California), as well as Miehael Wi-
21   lliams, of 970 Manor Road, in the same town of El Sobrante, Cali-
22   fornia 94803,with punishment aeeording to eaeh eriminal aetions.
23   If neeessary plaintiff prays the court to subpoena said indivi-
24   viduals to court for diseovery in their actions.

25   Plaintiff has reason to believe that defendant, as in
26   previous lower courts aetions, will argue this case in the basis
27   of Title VII of the 1964 Civil Rights Act of Congress and since
28   this aetion does not apply plaintiff requests a denial of sueh.

-3A-

1    And in face of the death threats by mail(letter to plain
2 tiff's wife to kiss very much loved beings because"they are going
3 to die", letter which plaintiff discarded for fear of wife's dis-
4 traught when she would find it), by phone messages (in a low tone
5 of voice) psychological harass_ment of daughter and granddaughter
6 _the last less than one year old and redundant to trauma, the floo-
7 ding problem gotten so bad from the mid section of the fence(vide
8 exhibit number 11)all across the lower lot and down by the house
9 (and the foundation, specially) of the  other neighbour's
10 house    (double jeopardy to plaintiff) started to develop a "sink
11 hole": Exhibit number 12; exhibit number 9 not withstanding:where-
12 as A. K. Norris told he was being photographed by plaintiff repli-
13 ed " I do not care", while washing the engine and body of his pick
14 up, with the running water going down to the roots of plaintiff's
15 lemon tree, plaintiff accepted his children decision to move out
16 (by then his own children got so disturbed that no longer had the
17 will to fight)and if defendant sends her agents to actually kill
18 this plaintiff he hopes and prays this court will process defendant
19 accordingly.

20    The first point in contention being the driveway having
21 a deep and slant towards plaintiff's property so that water runs
22 to plaintiff property and not inside defendant's garage; a contra-
23 ctor who came to give defendant an estimate of repairs and gave
24 plaintiff hope of solution to the problem and when she was told the
25 expense to incur she told him something like "you got to be out
26 of your cotton picken mind" and he replied "did you ever take a
27 look at your driveway?" and she answered :"I need a second opinion",
28 "OK, but to get rid of the problem legally you have to throw the

-4-

1 water into the sewer line".

2         Defendant's paragraph 1 of Item 3 of the Contra Costa
3 County Small Claims court number 07-1018(where she was plaintiff)
4 states that "water flows into properties...", however exhibits
5 numbers 2 and 3 shows water not reaching continuous driveways and
6 exhibit number 3 shows water from extension rain gutter pipe at
7 the left of the house throwing water into the defendant's part of
8 the driveway, which being slanted and with a deep throws the water
9 into the street side of 5153  (plaintiff property's house)- water
10 to end up under plaintiff's house and opposite side of lot(vide
11 exhibit number 5); in the beginnig domestic partner of defendant
12 told plaintiff "his" property did not have any flooding, for which
13 plaintiff submits to the court that all flooding water went to
14 his property. Then Norris let the water coming from the roof of
15 "his" house and the rain gutter thru two plastic black hoses to
16 5153's lot; Norris stole plaintiff's sand bags and placed them
17 to re-direct the water back into 5153's lot(exhibit number 6A).
18 So, plaintiff placed the construction hay bales to block it(vide
19 exhibit number 8).Then Norris extended the technic to include the
20 house lower rain gutter and deliver the water in white metallic
21 hoses to the mid section of 5153's lot and broke "his" own old
22 (about fifteen years) fence and run to Small Claims court of the
23 County(as he asked the judge of department 146 -Perry vs. Walker
24 and agents- of the same court, whereas plaintiff asked the court
25 for a Restraining Order against agents,for compensation for sala-
26 ries, when plaintiff did not ask for his appearance in said court,
27 off hours of job) RSC 07-1018, for $5,000.00 for the old fence,
28 which had fallen exactly   in the same place about five years ago.

1 | Possibly because defendant's handyman friend, Michael Williams,
2 | who vandalized one of plaintiff's vehicles(vide exhibit number
3 | 19, possibly was involved in death threats via mail, phone messa-
4 | ge and personnally told plaintiff, coming out of 5151 Hilltop
5 | and going to his residence at 97o Manor Road(1 block down from
6 | previous location) almost bumping into plaintiff(and if plaintiff
7 | had not gotten out of his way would have been thrown down to the
8 | ground):"get out of town if you know what is good for you". De-
9 | fendant and agents were saying that plantiff was "just an absen-
10 | tee land_lord and had no business to go to 5153 Hilltop Drive",
11 | for which plaintiff was given a discurss by sargent Smith, of the
12 | Contra Costa County Sheriff's Department, at the Palace of Justice,
13 | in Richmond, California, where plaintiff had gone to ask him for
14 | an appointment to see lieutenant Little(?) to discuss defendant's
15 | agents' actions, whereas said sargent Smith, not only did not
16 | give plaintiff said appointment but also authoritarianly told
17 | plaintiff not to go there(5153 Hilltop) to see his children and
18 | grandchild, that "renters had special rights" even after another
19 | Sheriff's deputy told him no renters were involved.

20 |         Other exhibits included in this complaint will tell of
21 | different aspects of the events.

22 |         Exhibits numbers 21 and 22 are estimates of plaintiff's
23 | property damages, to witt:

24 | Engineered Soil Repairs, Inc...........................$61,908.00
25 | Cowperth Waite & Hinninger(General Contractors)........$16,670.00
26 | B. A. F. Auto Body.....................................     978.50
27 | 1982 Pontiac T1000 Repairs.............................   3,000.00
28 |                                                       $82,556.50

*6*

1         Plaintiff prays the court for three times of plaintiff's

2 repairs of his property for punitive damages from defendant for

3 psychological damages for plaintiff and his family of $247,669.50,

4 (two hundred fourty seven thousand, six hundred sixty nine dollars

5 and fifty cents) to a total of $330,226.00 (three hundred thirty

6 thousand, two hundred twenty six dollars).

7                             Respectfully submitted

8

9                             Edgar Perry, in propria persona

10                             2540 Market Avenue, phone(510)234-1392

11                             San Pablo, California 94806-4542

-7-

1                    MOTION TO ALLOW PLAINTIFF TO INCORPORATE CASE

2              Plaintiff moves to pray the court to allow him to incor-

3    porate the Small Claims Court RSC 07-1018, from the Bay Court,

4    Superior Court of the Contra Costa County, State of California,

5    to be heard at 100-37th. Street, Richmond, in Department 56, at

6    or about 1:30 P. M.; the reason being that said lower court's case

7    is in reference the intentional flood by the defendant in this

8    case and a claim of an about 15 years fence (which broke about five

9    years ago exactly in the same spot) and precisely where defendant

10   in this case had one of her agents flood plaintiff's lot by the

11   same spot said fence broke.

12

13                              Respectfully submitted,

14

15                              Edgar Perry, in propria persona

16                              2540 Market Avenue, Phone (510)234-1392

17                              San Pablo, California 94806-4542

18

19

20

21

22

23

24

25

26

27

28

Case 3:08-cv-00787-CRB Document 1-2 Filed 02/04/2008 Page 1 of 1

ECF

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
EDGAR PERRY, INP. R

**DEFENDANTS**
STEPHANIE L. WALKER

**(b)** County of Residence of First Listed Plaintiff CONTRA COSTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant CONTRA COSTA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
NA

Attorneys (If Known)
UNKNOWN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| | | | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | [ ] 900Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | Determination |
| [X] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Transferred from

Appeal to District

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
AMBASS §§ 20/8, ET AL
Brief description of cause
WILLFULL GOODING AND HARASSMENT

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 330,226.00
- CHECK YES only if demanded in complaint.
- JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". NA

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/4/08
SIGNATURE OF ATTORNEY OF RECORD
Edgar Perry, IN PROPRIA PERSONA